IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:   ETHICON, INC.,
         PELVIC REPAIR SYSTEM
         PRODUCTS LIABILITY LITIGATION           MDL. No. 2327

THIS DOCUMENT RELATES TO:
*Walker v. Ethicon, Inc., et al.*                Civil Action No. 2:12-cv-3166

## MEMORANDUM OPINION AND ORDER

Pending before the court are the Motion for a Qualified Protective Order and Motion to Seal Exhibit B [ECF No. 44] ("Motion to Seal"), the Motion to Remove Case from Trial Wave [ECF No. 42] ("Motion to Remove"), and the Second Motion for a Qualified Protective Order and Motion to Seal Supplemental Records to Exhibit B [ECF No. 46] ("Second Motion to Seal")[1] filed by the plaintiff, Christine Walker.[2] The Motion to Seal is now ripe because the defendant did not file a response within the time to respond; the Motion to Remove is now ripe because the defendant responded and the plaintiff replied. Resp. [ECF No. 47]; Reply [ECF No. 48]. The court **DENIES**

---

[1] The court construes the Second Motion to Seal as a supplement to the Motion to Seal.

[2] The plaintiff is advised that future motions and memoranda need to comply with this district's rules. *E.g.*, S.D. W. Va. L.R. Civ. P. 7.1(a)(1) (providing a motion must be "concise [and] state the relief requested precisely" and "materials or exhibits upon which the motion relies shall be attached to the motion, not the supporting memorandum"); S.D. W. Va. Admin. P. Elec. Case Filing R. 10.2 ("A memorandum or brief shall not be filed as an attachment to the motion." (emphasis omitted)). And when a motion is accompanied by a memorandum, the memorandum—and not the motion—should include a detailed discussion of the grounds for the motion.

the Motion to Remove. And the court **GRANTS in part** and **DENIES in part** the Motion to Seal and the Second Motion to Seal.

I.

The plaintiff asks the court to remove her case from Wave Three because she "is not compliant with her medication plan." Mem. Supp. Mot. Remove 2 [ECF No. 43]. As a result, she "cannot assist herself or counsel in preparing this matter for trial." *Id.* Further, the plaintiff claims "her testimony would be inadmissible as she is not competent to provide [the] same." *Id.* at 1–2. Despite the plaintiff's concerns, the court denies the plaintiff's Motion to Remove.

To support her request, the plaintiff submitted several pages of medical documents. Suffice it to say, these documents detail an episode that occurred in 2012. While this brief glimpse into the plaintiff's past may provide some context for any present difficulties she may be having, it does not support the plaintiff's profession of current complications. These documents do not speak to the plaintiff's present condition, so they do not inform the court's review of the plaintiff's Motion to Remove.

The court is left with the unsupported claims counsel offers in the briefs about this matter. These claims are cast in diffidence, signifying very little. For example, to explain the plaintiff's current condition, counsel writes, "The family member that counsel for Plaintiff spoke with most recently indicated that it is believed that Plaintiff has been essentially rendered homeless due to her untreated mental health symptoms, although her general whereabouts are known by the family." Reply 2. An

unnamed family member believes—but does not know—the plaintiff is fundamentally or basically homeless—but possibly not actually homeless—but knows the plaintiff's "general whereabouts." This unsworn information is wholly unhelpful.

The plaintiff also argues that her case should be removed from Wave Three because "her testimony would be inadmissible as she is not competent to provide [the] same." Mem. Supp. Mot. Remove 1–2. Citing Rule 601 of the Federal Rules of Evidence, the plaintiff claims she is incompetent—and thus cannot testify—based on her mental health. More specifically, she presents the following argument: "[Rule] 601 provides that competent witnesses are permitted to testify. Conversely, incompetent witnesses are not permitted to testify. Here, there is good evidence that Ms. Walker's competency may be at issue given the timing and her medication compliance." Mem. Supp. Mot. Remove 2. The plaintiff misreads Rule 601.

"Every person is competent to be a witness unless these rules provide otherwise. But in a civil case, state law governs the witness's competency regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 601. Assuming substantive Missouri law controls the plaintiff's claims,[3] Missouri law governs a competency determination. Missouri law "presumes that a witness is competent to testify, except for a few statutory exceptions including mental incapacity." *State v. Robinson*, 835 S.W.2d 303, 307 (Mo. 1992) (en banc) (citing Mo.

---

[3] *See* Am. Short Form Compl. ¶¶ 4–5, 11 [ECF No. 13] (alleging the plaintiff is a resident of Missouri, the proper venue for her case is in Missouri, and the product at issue was implanted in Missouri).

3

Rev. Stat. § 491.060(1)). Past mental infirmities do not support present incompetence. *Id.* To be deemed incompetent, "a witness must exhibit some mental infirmity *and* fail to meet the traditional criteria for witness competence." *Id.* (quoting *State v. Beine*, 730 S.W.2d 304, 307–08 (Mo. Ct. App. 1987)); *see also id.* ("A witness is competent to testify if the witness shows '(1) a present understanding of, or the ability to understand upon instruction, the obligation to speak the truth; (2) the capacity to observe the occurrence about which testimony is sought; (3) the capacity to remember the occurrence about which testimony is sought; and (4) the capacity to translate the occurrence into words.'" (quoting *State v. Feltrop*, 803 S.W.2d 1, 10 (Mo. 1991) (en banc)).

The plaintiff does not present any current and reliable information that would assist the court with this analysis. Thus, the court presumes the plaintiff would be competent to testify. The plaintiff remains without a reason her request should be granted. Accordingly, the court **DENIES** the plaintiff's Motion to Remove.

## II.

The court denies the Motion to Seal insofar as the plaintiff requests a protective order. The Proposed Qualified Protective Order [ECF No. 44-3] is not the form protective order preferred by the court.[4] If the parties agree to the entry of a protective order, they should file a completed and endorsed form protective order. Alternatively, the parties may submit in writing the reasons why they should not use

---

[4] The form protective order preferred by the court is available at http://www.wvsd.uscourts.gov/sites/default/files/forms/AgreedProtectiveOrder_0.pdf.

4

the form protective order and the court should enter the Proposed Qualified Protective Order.

### III.

The court grants the Motion to Seal insofar as the plaintiff asks the court to seal the plaintiff's mental health records that have been submitted as an exhibit. *See* Mot. Remove Ex. 2 [ECF No. 43-2]; *accord* Mot. Seal Ex. 2 [ECF No. 44-2].[5] "The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). Each source of protection provides a different level of protection and requires a different analysis. *Stone v. University Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988).[6]

The common law affords "a presumption of access . . . to judicial records." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). The party seeking to overcome this presumption and to have documents sealed "bears the burden of showing some significant interest that outweighs the presumption" and the public interest in access. *Id.* In contrast, the First Amendment only ensures access to a limited category of judicial records. *Va. Dep't of State Police*, 386 F.3d at 575 ("[T]he First Amendment guarantee of access has been extended only to particular judicial records and documents." (quoting *Stone*, 855 F.2d at 180)). "Under the First

---

[5] The plaintiff refers to this as "Exhibit B."

[6] The Motion to Seal, which was accompanied by a memorandum of law discussing the relevant concerns, was docketed on March 22, 2016. Since that date, the public has not objected to the Motion to Seal. Accordingly, the procedural requirements of sealing have been met. *See Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253–54 (4th Cir. 1988); S.D. W. Va. L.R. Civ. P. 26.4(b)(2).

Amendment . . . the denial of access must be necessitated by a compelling government interest and narrowly tailored to serve that interest." *Rushford*, 846 F.2d at 253.

At the outset, the court must determine whether the plaintiff's exhibit is a judicial record. *In re U.S. for an Order Pursuant to 18 U.S.C. § 2703(d)* ("*In re Order*"), 707 F.3d 283, 290 (4th Cir. 2013) ("For a right of access to a document to exist under either the First Amendment or the common law, the document must be a 'judicial record.'"). If it is not a judicial record, the court does not need to concern itself with the common law and First Amendment analyses concerning the public right to access. *E.g.*, *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access. . . . [T]he item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document."), *cited with approval in In re Order*, 707 F.3d at 290. In simplest terms, "documents filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights." *In re Order*, 707 F.3d at 291.

As the court noted, the documents filed by the plaintiff have not played a role in the adjudication of the plaintiff's Motion to Remove. The documents are not, therefore, judicial records; consequently, neither the common law nor the First Amendment create a public right of access. Given the circumstances, the court concludes it is appropriate to seal the requested documents. To this extent, the court **GRANTS** the Motion to Seal.

IV.

To summarize, the Motion for a Qualified Protective Order and Motion to Seal Exhibit B [ECF No. 44] and, as a result, the Second Motion for a Qualified Protective Order and Motion to Seal Supplemental Records to Exhibit B [ECF No. 46] are **DENIED in part** and **GRANTED in part**. The court **DENIES** the plaintiff's request for a protective order. But the court **GRANTS** the plaintiff's request to seal Exhibit 2 of the Motion to Remove Case from Trial Wave [ECF No. 43-2]. The Motion to Remove Case from Trial Wave [ECF No. 42] is **DENIED**.

The court directs the clerk to send a copy of this Order to counsel or record and any unrepresented party.

ENTER: May 6, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE